

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 7, 1958

Dr. James A. Turman
Executive Secretary
Texas Youth Council
Austin, Texas

Opinion No. WW-388

Re: Authority of Texas Youth
Council to renew and
extend contractual agree-
ments now in effect with
Independent School Dis-
tricts in the cities in
which the respective State
Children's Homes are located;

Dear Dr. Turman:

and related questions.

We have received your letter of February 10, 1958, in
which you submitted the following questions for our opinion:

"1. In order to provide maximum educational
opportunities for scholastics at the State Chil-
dren's Homes under Texas Youth Council jurisdiction,
can the Council renew and extend contractual
agreements now in effect with Independent School
Districts in the cities in which the respective
State Children's Homes are located?

"2. If your answer to the above question is
in the affirmative, can such contractual agreements
cause the State Home Independent School Districts
to lose Independent School District status under
the so-called dormant school statutes or by other
means except by legislative action?

"3. Even if all scholastics in the Children's
Homes, grades one through twelve, attend public
schools under such contractual agreements, made or
renewed annually, can such agreements bring any
change in the Home's Independent School District
status except through specific action by the
Legislature?"

Article 2666, Vernon's Civil Statutes, is the author-
ity for the existence of independent school districts at the
institutions in question. Attorney General's Opinion WW-285
(1957).

Section 9a, Article 5143d, Vernon's Civil Statutes, authorizes the Texas Youth Council to accept certain children for admission to the Corsicana State Home and the Waco State Home and to offer, if needed, care, treatment, education, and training to such children as are admitted. Section 25a of such statute reads in part as follows:

"For the purposes of carrying out its duties, the Youth Council is authorized to make use of . . . educational . . . institutions within the State. When funds are available for the purpose, the Youth Council may enter into agreements with the appropriate private or public official for the separate care and special treatment in existing institutions of persons subject to the control of the Youth Council."

In our opinion, the above quoted provisions authorize the contracts in question. It follows that, there being authority to contract in the first instance, the Texas Youth Council may renew such contracts from time to time so long as the statutory authority remains effective.

The so-called "Dormant District" statute, being Article 2922-18, Vernon's Civil Statutes, specifically expresses the legislative intent of such provisions to be that:

" . . . All property subject to school district taxation within the State of Texas be included within the limits of a School District and that a proper and proportionate tax be paid thereon for school purposes." (Emphasis ours).

To achieve such purpose, the Statute provides for the abolition of dormant districts and the incorporation of the properties therein contained into an adjoining district. It would be a useless gesture to declare a district whose area is only co-extensive with the confines of a state institution, to be a dormant district when the property in the district so abolished and annexed to an adjacent district could not be taxed according to the announced purpose of such Statute. We are not of the opinion that the provisions of Article 2922-18, Vernon's Civil Statutes, pertain to the independent school districts in question. See also Attorney General's Opinion WW-285 (1957) wherein it was held that the provisions of Senate Bill 175, Acts 55th Legislature, Regular Session, Chapter 143, pertaining to certain budgetary and accounting procedures to be established and followed in each Independent School District did not apply to the districts in question here, due to their peculiar status.

In addition, we call attention to Section 1, Article 2756c, Vernon's Civil Statutes, which reads in part as follows:

"Any school district created or established by the State Board of Education under the provisions of either Article 2666, Revised Civil Statutes of 1925, . . . may be abolished by order of the State Board of Education upon written request . . . of the board of trustees of the school district. Notice of the order of abolishment in writing shall be given to the trustees of such independent school district and to the county board of school trustees of the county in which the district is located. From and after the effective date of this Act, the authority heretofore vested in the State Board of Education to create or establish school districts under any Statute of this state is hereby abolished."

Since this statute is specifically directed to the districts in question, we are of the opinion that the status of the independent school districts at the institutions in question would not be affected by your proposed plan of operation, absent action of the State Board of Education in accordance with the provisions of Article 2756c, Vernon's Civil Statutes. The status of the school districts existing at the affected institutions could be altered only by legislative action or in accordance with the provisions of Article 2756c.

SUMMARY

The Texas Youth Council may renew and extend contractual agreements now in effect with Independent School Districts in the cities in which the respective State Children's Homes are located. There being specific legislation pertaining to the abolition of Independent School Districts established under Article 2666, Vernon's Civil Statutes, the general provisions of Article 2922-18 do not apply to such districts.

Very truly yours,

WILL WILSON
Attorney General of Texas

By
Tom I. McFarling
Assistant

Leonard Passmore
Assistant

TIM:LP:wam:jl

Dr. James A. Turman, Page 4 (WW-388)


APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. C. Davis, Jr.

Wayland C. Rivers, Jr.

C. K. Richards

REVIEWED FOR THE ATTORNEY GENERAL

BY:  W. V. Geppert